IN THE

# Supreme Court of Georgia,

AT ATLANTA,

## JANUARY TERM, 1873.

PRESENT—HIRAM WARNER, CHIEF JUSTICE.
H. K. McCAY, } JUDGES.
ROBERT P. TRIPPE, }

---

ALVIN K. SEAGO *et al.*, plaintiffs in error, *vs.* WALTER B.
BASS, defendant in error.

Land was sold at auction by S.; C. gave notice at the sale of claim of
title; S. replied that he would warrant the title, and would give to the
purchaser a bond, with ample security, to indemnify him against the
loss of any sum that might be expended in improvements upon said
property. Complainant purchased for $1,010 00, and paid one-fourth
of the purchase money in cash, and gave his three notes for the re-
maining three-fourths, taking the usual bond for titles from S. Two
of these notes were paid at maturity. The remaining one was dishon-
ored, because C. had commenced suit for the land. In the meantime,
complainant had placed improvements thereon to the value of $400 00.
S. obtained judgment for the amount of the last note, has filed a deed
to the land in the clerk's office, and has levied the execution upon the
same. The Chancellor did not commit error in enjoining the sale, the
injunction to be dissolved upon bond and security being filed by S. in
the sum of $1,000 00, conditioned to indemnify complainant against
loss on his improvements in case of the failure of his title.

VOL. XLIX. 1.

Seago *et al. vs.* Bass.'

Injunction. Bond for title. Before Judge HOPKINS. Fulton county. At Chambers. May 10th, 1873.

For the facts of this case, see the decision.

B. F. ABBOTT, for plaintiff in error.

E. F. HOGE, for defendant.

WARNER, Chief Justice.

The complainant filed his bill against the defendant, praying for an injunction to restrain the sale of a city lot in the city of Atlanta, which had been levied on by the sheriff to satisfy an execution in favor of the defendant against the complainant. The presiding Judge granted the injunction prayed for, to be dissolved when the defendant should give bond and security in the sum of $1,000 00, conditioned to indemnify the complainant against loss for any sum he may have expended in improvements on the property mentioned in complainant's bill, because of the failure of defendant's title thereto, said bond to remain of force until the final hearing of the case. To the granting the injunction and order, the defendant excepted. The complainant alleges as a ground for the equitable interference of the Court, that in February, 1871, the defendant offered the city lot in question for sale at public auction, when one Coughlin and wife gave public notice of their title to the property, whereupon, the defendant assured the complainant and other bidders present, that his title to the property was perfect, that he would warrant it to be so, and would give to the purchaser a bond with ample security to indemnify him against the loss of any sum that might be expended in improvements, or otherwise, upon said property. This allegation is supported by the affidavit of Wallace, who was present at the time. The complainant alleges that because of this statement of the defendant, he purchased the lot for the sum of $1,010 00, paying one-fourth of the purchase money therefor, and giving his three separate notes for the

other three-fourths of the purchase money, two of which were paid at maturity, the other was not paid for the reasons alleged in complainant's bill.    The defendant, at the time of the sale, executed and delivered to the complainant a bond to make him a title to the lot when the purchase money should be paid.    The complainant alleges that he has made improvements on the lot to the value of $400,00, and that Coughlin and wife have instituted suit for the lot, and he fears they will recover the same.    The defendant has obtained judgment on the last note given for the lot, against the complainant, and execution has issued thereon, been levied on the lot as the property of the complainant, the defendant having filed his deed thereto in the clerk's office, as provided by the statute.

If Coughlin and wife recover the lot on their title, and Seago's title fails, then the complainant would be entitled in a suit on his bond for a breach thereof, to recover the value of the lot at the time of the breach, with interest thereon, which would include the value of his improvements.    This he cannot do if Seago is permitted to file his deed and sell the lot for the unpaid purchase money due therefor, and thereby cancel the complainant's bond for title, as he is proceeding to do.    The complainant's bond for title, which he now holds, will protect him, for the reason that the measure of damages for the breach of a bond for title to land, is the value of the premises *at the time of the breach*, with interest thereon, whereas, upon a covenant of warranty of title to land the damages would be only the purchase money, with interest thereon from the time of the sale: Code, 2898, 2897.

In view of the facts disclosed in this record, we will not interfere with the exercise of the discretion vested by law in the Court in granting the injunction in this case.

Let the judgment of the Court below be affirmed.